UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.

DARTANYAN GASANOV

Defendant.

Criminal Action No. 21-30017-MGM

PROCEDURAL ORDER RE: TRIAL
January 9, 2026

MASTROIANNI, U.S.D.J.

Trial in this matter is scheduled to commence on **March 2, 2026,** at **9:00 a.m.** in Hampden Courtroom, U.S. District Court, 300 State Street, Springfield, Massachusetts. A final pretrial conference will be held on **February 13, 2026, at 2 p.m.**

Unless subsequently modified by the court, the following procedures shall apply:

1. **Experts:**

    By **January 26, 2026,** the parties shall disclose any expert witnesses they plan to call. Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the parties may request a written summary of testimony the other side intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. Any request shall be made by **February 2, 2026**, and any response shall be submitted by **February 9, 2026**.

    With respect to the use of expert witnesses, the court advises the parties that—to avoid discovery disclosure disputes, surprises, or confusion—it rigorously applies the Rule 701 limitations to lay witness opinion. The court recognizes one witness may provide both lay and expert opinion in their testimony. But "technical" or "other specialized knowledge" under Rule 701(c) is broadly interpreted by the court in a way that favors disclosures under Rule 702.

2. **Motions in Limine:**

    Motions in limine, if any, shall be filed by **January 30, 2026**.

    Oppositions to motions in limine, if any, shall be filed by **February 6, 2026**.

All motions in limine filed by any party shall be filed together in one document with a cover page containing the case caption and the title, "[Party's Name's] Motions in Limine." The document shall also contain a table of contents listing each motion in limine and the page on which it starts. Oppositions to motions in limine shall also be together in a one document.

Motions in limine and oppositions will be addressed at the final pretrial conference.

3. **Proposed Voir Dire Questions, Jury Instructions, and Verdict Forms**:

By **February 9, 2026**, the parties shall separately file the following:

    a) Any proposed voir dire questions counsel would like the court to ask the jury pool. The court's standard voir dire questions are attached as Exhibit A.

    b) A **JOINT** draft version of the preliminary jury instructions to be given before opening statements. The joint filing should set out the instructions upon which the parties agree and each party's alternative instructions where there is disagreement. Each disputed instruction should be followed by a brief statement of the opposing side's objection with supporting legal authority. To produce the joint instructions, the parties shall meet and confer sufficiently in advance of the required submission date with the goal of agreeing upon instructions.

    c) A **JOINT** draft version of the final substantive jury instructions to be given at the close of the case, that sets out the instructions upon which the parties agree and each party's alternative instructions where there is disagreement. Each disputed instruction should be followed by a brief statement of the opposing side's objection with supporting legal authority. The court will also allow parties to file updated proposed instructions should the need arise as trial proceeds. The court's standard final jury instructions are attached as Exhibit B.

    d) A **JOINT** proposed special verdict form that identifies any areas of disagreement and references relevant proposed jury instructions. The court will allow updated filings as trial proceeds.

To produce the joint proposed jury instructions and special verdict form, the parties shall meet and confer sufficiently in advance of the required submission date with the goal of identifying all areas of agreement and dispute. If either party feels further briefing is necessary with respect to one or more areas of dispute, the party may also supplement the joint filing with a separately filed memorandum not to exceed five pages.

4. **Exhibit and Witness Lists:**

By **February 26, 2026**, the parties shall file their witness and exhibits lists.

Final exhibit and witness lists using Forms AO 187 and AO 187A, which are available at http://www.uscourts.gov/services-forms/forms. The government is to pre-mark its exhibits using the prefix "PX-" (*e.g.*, PX-1, PX-2, etc.), the defendant is to pre-mark their exhibits

with the prefix "DX-" (*e.g.*, DX-1, DX-2, etc.), and joint exhibits are to be pre-marked with the prefix "JX-" (*e.g.*, JX-1, JX-2, etc.). Any questions concerning the pre-marking of exhibits or the completion of the exhibit and witness lists should be directed to the Deputy Clerk.

The parties must submit all admitted exhibits in a format appropriate for uploading to the juror exhibit system JERS to the Deputy Clerk prior to the start of closing arguments.

5. **Jury Selection:**

A total of twelve jurors will be impaneled, with two alternates. Fed. R. Crim. P. 23(b)(1), 24(c)(1-3).

Voir dire will be conducted in two phases. First the court will read questions to the entire jury pool and potential jurors will record "yes" or "no" answers to each question on a printed questionnaire. Second, during individual voir dire, the court will ask about any "yes" answers and attorneys will be permitted to ask follow-up questions. Any for-cause challenge to a potential juror must be made at the end of the individual voir dire of that potential juror.

Peremptory challenges will be exercised after a sufficient number of potential jurors have survived for-cause challenges. Peremptories will be exercised in rounds. Prior to the first round, the first twelve potential jurors will be seated in the jury box. The parties will have the opportunity to exercise as many of their peremptory challenges as they wish with respect to those twelve potential jurors. A round ends when both parties have exercised as many peremptories as they wish. The seats vacated by excused potential jurors will then be filled and the parties will be able to exercise peremptories only as to the potential jurors newly seated in the jury box, *i.e.*, no "back strikes" will be allowed.

The government has 6 peremptory challenges, and the defendant has 10 peremptory challenges. Fed. R. Crim. P. 24(b)(2). The order for challenges will be independent of the rounds and will be as follows: government, defendant, government, defendant, defendant, government, defendant, defendant, government, defendant, defendant, government, defendant, defendant, government, defendant. If parties choose not to exercise a peremptory on a particular turn, additional turns will be provided until each party has had an opportunity to exercise all peremptory challenges.

Alternate jurors will be selected after the 12 members of the jury have been selected. The government and Defendant will each receive one peremptory challenge that may be used only to remove alternate jurors. Fed. R. Crim P. 24(c)(4). The order for alternate juror challenges will be as follows: defendant, government.

6. **Trial Logistics:**

   a) The jury will be required to render a unanimous verdict. Fed. R. Crim. P. 31(a).

b) Trial is expected to proceed from 9:00 a.m. to approximately 4:30 p.m. daily, with a morning break at approximately 11:00 a.m. and a lunch break at approximately 1:00 p.m.

c) The government will be located at the table closest to the jury box. The defendant will be located at the opposite table.

d) It is the court's practice to conduct sidebar conferences using the court's whisper-tech devices rather than physically calling counsel to the bench. Any request for the court to conduct traditional sidebars must be made no later than the final pretrial conference.

e) Opening statements shall not exceed 30 minutes for each party. Closing statements shall not exceed 30 minutes for the government, 40 minutes for the defendant, and 10 minutes for the government's rebuttal. The order for opening statements will be government then defendant. The order for closing statements will be government, then defendant, and then government's rebuttal.

f) The court generally allows motions brought pursuant to Fed. R. Crim. P. 26.2, which provides: "After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." Fed. R. Crim. P. 26.2(a). Accordingly, each party should be prepared to provide the required material immediately upon allowance of a Rule 26.2 motion during the course of the trial, in order to avoid unnecessary delays in the proceedings.


/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge

3

Exhibit A

<u>General Voir Dire Questions</u>

1.    Do you know the defendant or any of the attorneys?

2.    Do you know any of the potential witnesses whose names were read?

3.    Have you heard, read, or do you know anything about this case?

4.    Does the schedule or length of the trial pose a serious or extraordinary hardship to you?

5.    (a)    Do you have a disability, physical or otherwise, that would make serving as a member of the jury difficult or impossible, or might interfere with your service as a juror?

      (b)    Do you have any serious health concerns that would make serving as a member of the jury difficult or impossible, or might otherwise interfere with your service as a juror?

      (c)    Do you have any difficulty understanding or reading or speaking English?

6.    Have you previously served as a juror?

7.    Do you have any concerns about your ability to avoid all media coverage, including social media, relating to this case or your ability to avoid doing your own research about this case?

8.    Have you or anyone close to you ever had any education, training, or experience in the law, legal field, or criminal justice?

9.    (a)    Have you or any member of your immediate family or anyone you are close with been a victim of a crime, been accused of or charged with a crime, or otherwise had contact with the criminal justice system?

      (b)    Have you or any member of your immediate family or anyone you are close with ever filed a lawsuit or claim against any local, state, or federal law enforcement officer or agency?

      (c)    Do you have any feelings or beliefs or experience with law enforcement officials, whether positive or negative, that might cause you to believe or disbelieve a person just because the person is a law enforcement official?

      (d)    Do you have any feelings about the criminal justice system that might interfere with or affect your ability to serve as a fair and impartial juror in this case?

10.   Do you have any concerns about your ability to apply the presumption of innocence to the Defendant and to hold the government to its burden of proof?

11.    Would you hold it against the Defendant, in any way, if she exercised her constitutional right not to testify?

12.    Do you have any concerns about your ability to decide this case solely on the evidence presented in this courtroom?

13.    Do you have any concerns about your ability to make a decision in this case by following the law as given by the court?

14.    Do you have any personal beliefs that might make it hard for you to serve as a fair and impartial juror in this case?

Exhibit B

<u>General Jury Instructions</u>

## <u>INTRODUCTION</u>

You have heard the evidence and the closing arguments in this case. It is now my duty to instruct you on the law that you must follow and apply. These instructions are somewhat complicated, and I ask you to pay very careful attention. You will also have a copy of the instructions in the jury room with you. The instructions cover several subject areas: duties of the jury, the presumption of innocence of Dartanyan Gasanov, the government's burden of proof, evidence, specific instructions about the charges against Dartanyan Gasanov, the verdict form, and communication with the court.

Throughout these instructions, I will refer to Dartanyan Gasanov by his name or as "the Defendant."

## PART I – DUTIES OF THE JURY TO FIND FACTS AND FOLLOW THE LAW

You have been chosen and sworn as jurors to decide the issues of fact presented in this case by the allegations the government has made against Dartanyan Gasanov. All of the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict, regardless of the consequences. All parties stand equal before the law and are to be dealt with as equals in a court of justice.

It is your duty to find the facts from the evidence admitted in this case. You are the sole and exclusive judges of the facts. You shall determine the weight, value, and effect of the evidence that has been presented to you in the course of the trial. You must determine the facts based solely on a fair consideration of the evidence and without bias or prejudice to any party. To those facts, you must apply the law as I give it to you.

The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. Even if you disagree with one or more of the rules of law, or don't understand the reasons for them, you are bound to follow them. Our system of law does not permit jurors to be governed or influenced by personal likes or dislikes, sympathy, prejudice, public opinion, or consideration of, or speculation about, any potential punishment. This is a fundamental part of our system of government by law, rather than by the individual views of the judge or jurors who have the responsibility of deciding a case.

In following my instructions, you must follow all of them and not single out some and ignore others. They are all equally important. Consider these instructions as a whole and apply them sensibly and faithfully in your deliberations.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion might be. It is not my function to determine the

facts. It is yours. All of my instructions are about the law that you must apply. I do not intend for any of my instructions to be understood by you as a comment by me on the facts or on the evidence in this case. Opening statements or closing arguments may have comments on some of these rules of law, but if what was said about the law differs in any way from my instructions, you must be guided only by the instructions on the law as I state them.

## PART II – DEFENDANT'S PRESUMPTION OF INNOCENCE & THE GOVERNMENT'S BURDEN OF PROOF

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The Defendant has the benefit of that presumption throughout the trial, and you are not to convict him unless you are persuaded of his guilt of the charge against him beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the Defendant is guilty of the crime with which he is charged beyond a reasonable doubt. This is a strict and heavy burden. But it does not mean that his guilt must be proved beyond all possible doubt, as there are few things in this world that we know with absolute certainty. It does require that the evidence exclude any reasonable doubt concerning his guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a firmly settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions—one that the Defendant is guilty as charged, the other that the Defendant is not guilty—you will find the Defendant not guilty of that charge.

It is not sufficient for the government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt.

If after fair and impartial consideration of the evidence, you have reasonable doubt as to the Defendant's guilt of a particular crime, it is your duty to find him not guilty of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the Defendant's guilt of a particular crime, you should find him guilty of that crime.

## PART III – EVIDENCE

**VERDICT BASED SOLELY ON THE EVIDENCE; IMPROPER CONSIDERATIONS**

Your verdict must be based solely upon the evidence and according to the law. In reaching your decision as to whether the government has sustained its burden of proof, it would be improper for you to consider anything that is not evidence.

Your verdict should be based solely upon the evidence, or lack of evidence, as to this defendant, without regard to whether the guilt of any other person or persons has or has not been proven.

You may not base your verdict on any personal feelings, any type of prejudice, or sympathy you may have about the government, or the Defendant, or about the nature of the crimes charged. The government and the Defendant stand equal before the law.

### ALL AVAILABLE EVIDENCE NEED
### NOT BE PRESENTED

Although the government is required to prove a defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the Defendant is not required to present any evidence or produce any witnesses and reasonable doubt may be found to exist because of a lack of evidence.

### WHAT IS AND IS NOT EVIDENCE

The evidence in this case consists of the sworn testimony of witnesses, both on direct and cross-examination—regardless of who called the witness and regardless of who asked the questions; the exhibits that have been received into evidence, and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the Defendant accept the truth of a

particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact, to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, in considering that evidence, you are not limited to the explicit statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. From facts that you find to have been proven, you are permitted to draw such reasonable inferences as you believe are justified in the light of common sense and personal experience.

Certain things are not evidence.

Arguments and statements by attorneys are not evidence. They are not witnesses. What they say in their opening statements and closing arguments is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way they have stated them (or the way the court has referenced them), your collective memory of the facts should control.

Questions asked of witnesses, standing alone, are not evidence. The question and the witness's answer, taken together, are the evidence.

Objections are not evidence. Parties have a right to object when they believe a question is improper under the rules of evidence. You should not be influenced by any objection or by my ruling on it. If an answer or exhibit is excluded, you should not speculate or guess about what the answer might have been or what an exhibit might have shown.

Anything that I have excluded from evidence or ordered stricken from the record and instructed you to disregard is not evidence.

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

During the course of the trial, I may have made comments or spoken to a witness concerning their manner of testifying. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions about disregarding evidence that I ordered stricken from the record, you should not consider anything I may have said during the trial in arriving at your own findings as to the facts.

KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is when a witness testifies about something they know by virtue of their own senses—something they have seen, felt, touched, or heard. A document can also constitute direct evidence. An example of direct evidence could be a simple assertion by someone that "it is raining outside." If you thought the person who said that to you was truthful and had a sufficient basis for knowing what the weather was like outside, you could accept the statement as direct evidence that it is raining outside. Alternatively, if you doubted the reliability of the statement, you could reject it.

Circumstantial evidence is indirect evidence that tends to prove a disputed fact, through inferences, by the existence of other facts based on reason and common sense. To illustrate an example of circumstantial evidence, let's return to the prior example regarding the weather outside. Suppose you are in a courtroom and you cannot look outside. Now suppose that instead of having someone report to you about the weather conditions, someone comes in from outside wearing a wet raincoat and shaking water off an umbrella. Without any words being spoken, that is, without any direct statement or assertion being made, an observer might conclude that it was raining outside. The observer thinking about the wet raincoat and dripping umbrella might draw a conclusion, or an inference, about an unobserved fact: that it was raining. When assessing circumstantial evidence, the inference from the evidence need only be reasonable; it need not be the only one possible. Inferences may not, however, be based on speculation or conjecture.

You are entitled to consider both direct and circumstantial evidence. The law permits you to give equal weight to both or to give greater weight to one or the other. It remains for you to decide how much weight to give to any particular piece of evidence.

12

## CATEGORIES OF EVIDENCE

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. Similarly, the mere number of witnesses or exhibits or the length of the testimony has no bearing on what weight you give to evidence. Weight does not mean the amount of the evidence. Weight means your judgment about the credibility and importance of the evidence. Whether the government has sustained its burden of proof depends on the nature and quality, not quantity, of the evidence presented.

There are different categories of evidence that you have before you. This evidence includes exhibits and witness testimony. Let me instruct you about each of these forms of evidence.

## EXHIBITS

First, you have a number of exhibits. Many of these exhibits have been shown to you in the course of the presentation of evidence. You may consider the exhibits in your deliberations and give them whatever value or significance you think appropriate.

You may see exhibits that have been "redacted," meaning they have had some information blacked out. You should treat these exhibits the same as any other exhibits, and you should not speculate as to what is underneath the redaction.

You will have the exhibits that have been introduced in evidence during the course of the trial with you in the jury room.

**WITNESSES**

In addition to exhibits, you have the testimony of the witnesses.

You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts—as testified to by the witnesses—are true. To do this, you must look at witness testimony in the context of all the evidence, drawing upon your common sense and personal experience. You may believe everything a witness says, or only part of it, or none of it. It is entirely up to you. You may also decide how important a witness's testimony is relative to other evidence.

In judging the credibility of any witness, you may want to take into consideration such factors as the witness's conduct and demeanor while testifying; their apparent fairness, or any biases or prejudices they may have shown; any interests they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events they have described; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

The following are the kinds of questions you may want to consider in evaluating a witness's credibility: Did the person seem honest? Did they have some reason not to tell the truth? Did the witness have an interest in the outcome of the case? Did they gain any personal advantage by testifying in this case? Did the witness seem to have a reliable memory? Did the witness's testimony differ from their earlier testimony or from the testimony of other witnesses? Was the witness's testimony different on direct and cross examinations? What was the witness's manner while testifying? If a witness made an identification, did that witness have sufficient personal knowledge and history of contact to make a reliable identification? These are some, but not all, of the kinds of things that will help you decide how much weight to give to what each witness said.

14

## INCONSISTENCIES

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or intentional falsehood.

## DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

The Defendant has a constitutional right not to testify, and no inference of guilt, or of anything else, may be drawn from the fact that the Defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

## STATEMENTS BY DEFENDANT

You have heard evidence that the Defendant made statements in which the Government claims he admitted certain facts.

It is for you to decide (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

## PUNISHMENT

The question of possible punishment of the Defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively with the court. Your function is to weigh the evidence in the case and determine whether or not the Defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the Defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

**PART IV – ELEMENTS OF THE CHARGES**

## PART V – JURY DELIBERATIONS

### FOREPERSON

When you go to the jury room, your first function will be to select a Foreperson to preside over your deliberations. The Foreperson does not have any greater power than any other juror, and their vote does not have any more importance than other votes. The Foreperson serves to help you conduct your deliberations in an orderly manner and to make sure each of you has an opportunity to express your opinion. The Foreperson is also responsible for ensuring that you conduct your deliberations in accordance with the Court's instructions. Your verdict must be unanimous.

### DELIBERATION WITH ALL MEMBERS

You may only discuss the case in the jury room with your fellow jurors during deliberations. You may not use any electronic device or service to communicate to anyone any information about this case or to conduct any research about this case.

During deliberations you are, of course, allowed to take breaks. However, you may not discuss the case unless *all* members of the jury are present. Thus, if you separate briefly to, for example, have a snack or use the bathroom, you must not discuss the case.

### NOTE-TAKING/NO TRANSCRIPT

As I indicated at the beginning of the trial, you were permitted to take notes, but some cautions apply as you begin your deliberations. You should bear in mind that not everything that is written down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. You should use your notes only to assist you to recall what you have seen, heard, or

18

observed during the trial of this case. And, whether or not you took notes, you must rely on your own memory in the jury room.

At the end of each day that you may be here deliberating, your notes will be collected. No one will be allowed to view them. In addition, to ensure the confidentiality of your deliberations, after you have reached and returned your verdicts in open court, we will collect and destroy any notes that any of you may have taken. Your notes will not be examined by anyone. They will simply be destroyed.

You will not be given a transcript of the trial. Court reporters have a difficult job and it is a time-consuming task to take a raw record, which they create, and turn it into a final transcript; it is not possible to create a transcript in time for deliberations. Since you will not have a transcript, you should rely instead on your collective memory of the evidence.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything in the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question.

* * *

Until your verdict is announced in open court, no juror is permitted to disclose to anyone the status of your deliberations or the nature of your deliberations or your verdict. You are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

20

## PART VI – VERDICT FORM

A form with verdict questions has been prepared for you. It is simply the written notice of the decision you will reach.

You will take the form with you to the jury room, where you will deliberate with a view towards reaching a unanimous answer to each question.

The answer to each question must be the unanimous answer of the jury, if such unanimity is possible, meaning that every juror must agree on the answer. Your foreperson will write the unanimous answer of the jury in the space provided under each applicable question. When you have reached unanimous agreement as to each applicable question on the verdict form, the foreperson should fill in, date, and sign the form at the bottom of the last page. After completing the verdict form, the foreperson should advise the court security officer that you are ready to return to the courtroom and render your verdict.

I will now review the verdict form.

## CONCLUSION

This completes the court's instructions. Go now and begin your deliberations.