UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-30017-MGM |
| | ) | |
| DARTANYAN GASANOV, | ) | |
| | ) | |
| Defendant. | ) | |

**EMERGENCY MOTION TO CONTINUE EMERGENCY HEARING REGARDING JOINT STATUS REPORT AND REQEUST TO EXTEND REPORTING DATE OR TO CONVERT TO STATUS CONFERENCE AND PERMIT DEFENDANT'S ABSENCE**

The Defendant, Dartanyan Gasanov, by and through undersigned counsel, hereby moves this Court on an emergency basis to reschedule the emergency hearing set for July 21, 2026, at 10 a.m. (Doc. 319) to address the matters raised in the parties' Joint Status Report and Request to Extend Reporting Date, filed on July 29, 2026. Doc. 318. As grounds for this request, the defense states as follows.

1. On June 17, 2026, this Court ordered that the Defendant be committed to the custody of the Attorney General for purposes of a competency evaluation pursuant to 18 USC § 4241 and 4249. Doc. 305.

2. On June 18, 2026, counsel for Mr. Gasanov sent a four-page letter to the government recounting the pretrial history of the case and seeking consideration of an alternative resolution of the case that would not require Mr. Gasanov to report for a period of incarceration for purposes of a competency evaluation. Counsel further conferred with the government via telephone and understood that the government would need time to assess and consider the plea made by counsel in the letter.

3. On or about June 22, 2026, Dr. E. Morse, a forensic psychologist from the

Metropolitan Detention Center – Los Angeles, sent an email to counsel for the defendant and the government advising that Mr. Gasanov had been designated to that facility for his competency evaluation. In the email, Dr. Morse advised that Russian interpreter services were not available at that facility. No other advisement as to Mr. Gasanov's designation or his reporting date was furnished to counsel (or to counsel's understanding, to Mr. Gasanov) at that time.

4. Counsel for Mr. Gasanov immediately conferred with the government regarding the designation of Mr. Gasanov to the facility in Los Angeles, California, raising concerns about the distance involved and the hardship the designation would work on Mr. Gasanov, who has been fully compliant with pretrial release for more than five years and had been permitted by the Court's order to self-report for his evaluation.

4. On that same date, June 22, 2026, counsel for Mr. Gasanov advised the clerk's office by email of the designation the government sent an email to the clerk's office advising of the parties' receipt of the email concerning the designation of MDC-Los Angeles for Mr. Gasanov's evaluation and the absence of a Russian interpreter at that facility. Counsel for Mr. Gasanov was copied on that email and followed up with an email of his own to the clerk's office and the government inquiring as to whether a reporting date had been established.

5. Counsel for Mr. Gasanov was scheduled to be out of the office from June 30, 2026, through July 10, 2026, on an overseas trip. Prior to counsel's departure, he was not advised of any reporting date by which Mr. Gasanov was required to be in Los Angeles for his evaluation. Counsel was aware that historically there can be considerable delays – sometimes lasting months – with regard to the availability of bed space for defendants assigned to the BOP for mental health evaluations and did not expect that Mr. Gasanov's reporting date would be imminent.

6. On June 8, 2026, while counsel for Mr. Gasanov was overseas on vacation, his office was advised that Mr. Gasanov's reporting date was set for July 14, 2026. Counsel did not return to the office until July 13, 2026. On that date, counsel for Mr. Gasanov filed an Emergency Motion to Continue Reporting Date for Voluntary Surrender to Designated Facility that was assented to by the government. Doc. 309. This Court issued an order cancelling the July 14th reporting date and scheduling an emergency hearing on the matter for July 15, 2026. Doc. 312.

7. At the July 15, 2026, this Court advised the parties that Mr. Gasanov's reporting date for his evaluation had been paused for two weeks and ordered the parties to provide a status report to the Court by July 29, 2026. Doc. 313. During that time, Counsel for Mr. Gasanov made efforts to determine whether and how funds could be obtained for Mr. Gasanov's private travel to report for his evaluation, arranged for the further assessment of Mr. Gasanov by Charles Powers, Jr., Ph.D., the forensic examiner who previously opined regarding Mr. Gasanov's competency to stand trial and capacity to assist counsel, conferred with the government regarding potential agreement on an independent forensic evaluator to assess Mr. Gasanov locally, and initiated internal efforts within the FDO regarding procedures for funding a further evaluation and/or second opinion by a forensic expert suitable to the government.

8. Due to Dr. Powers' vacation plans, he was not available to conduct his further assessment of Mr. Gasanov until July 27, 2026. He met with Mr. Gasanov for more than three hours at that time and administered a number of tests. He further provided an updated report on his findings in short order, which has been shared with the Court and the government. With the assistance of Dr. Powers, counsel for Mr. Gasanov has identified and initiated discussion with a forensic neuro-psychologist who may be able to provide a second opinion as to Mr. Gasanov's

competency to stand trial and aid in his defense and who may be suitable to the government as an alternative to Mr. Gasanov's pretrial detention and transport to a Bureau of Prisons facility for a 30-day (or longer) assessment for the same purposes.

9. On July 24, 2026, Mr. Gasanov, on his own, filed documents with the Court advising that he was seeking permission to travel while on pretrial release from Massachusetts to JFK Airport in New York on July 31, 2026, to drop his wife and children off for a flight overseas to visit family. On July 27, 2026, U.S. Probation approved Mr. Gasanov's requested travel to New York via an email to counsel, which approval was then communicated to Mr. Gasanov.

10. On July 28, 2026, the clerk's office provided counsel with notice via email that Mr. Gasanov had been redesignated for evaluation at MCC-Chicago with a reporting date of August 4, 2026, leaving Mr. Gasanov four business days to make travel arrangements and to order his affairs before reporting for his term of evaluation in a locked facility more than 900 miles away from his home.

11. On July 28, 2026, counsel for Mr. Gasanov conferred with the government regarding the possibility of engaging a forensic evaluator agreeable to the government to conduct a competency evaluation of Mr. Gasanov locally and to provide a second opinion to that which was previously rendered by Dr. Powers. On July 29, 2026, the parties filed joint status report advising the court of developments in the matter over the prior two weeks and requesting that Mr. Gasanov be relieved of the requirement that he report to Chicago on August 4, 2026, in light of expectations that the parties may be able to agree on an evaluator to perform the ordered assessment locally.

12. Counsel for Mr. Gasanov was traveling for work for much of the day on July 30, 2026, but was made aware on that date that the Court was seeking to have an emergency hearing

on the status report and request for stay of reporting on July 31, 2026. The hearing was scheduled for 10 a.m. on that date. Counsel advised Mr. Gasanov of the hearing date and time in the evening and was reminded by Mr. Gasanov at that time that he was planning to drop his family at the airport for a trip that day. Mr. Gasanov advised that he would attempt to find an alternative means for his family to be transported to the airport. It is unclear whether he will be able to find alternative transportation for them at this late date.

WHEREFORE, for the foregoing reasons, Mr. Gasanov respectfully requests that this Court ALLOW this motion and (1) continue the emergency hearing set for 10 am on July 31st until a time late in the afternoon to permit Mr. Gasanov time to drop his family at the airport and return to the area for the hearing; (2) continue the hearing to Monday, August 3rd, or (3) permit the hearing to proceed as a status hearing without Mr. Gasanov's presence being required.

Respectfully submitted,

DARTANYAN GASANOV

By: *__/s/ Thomas J. O'Connor, Jr.__*

Thomas J. O'Connor, Jr., Esq.
BBO 640433
Federal Defender Office
Western Massachusetts Office
1 Federal Street, Bldg. 101-3W
Springfield, MA 01105
(617) 699-3926 Tel.
Tom_OConnor@fd.org

CERTIFICATE OF SERVICE

I, Thomas J. O'Connor, Jr., Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 30, 2026.

*__/s/ Thomas J. O'Connor, Jr.__*
Thomas J. O'Connor, Jr.